```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
JEANETTE C. MARTINEZ,                                      :   **MEMORANDUM DECISION**
                                                           :   **AND ORDER**
                              Plaintiff,                   :
                                                           :   16 Civ. 005 (BMC)
              - against -                                  :
                                                           :
EDWIN ANDREWS YORDY and                                    :
MILLHURST MILLS, INC.,                                     :
                                                           :
                              Defendants.                  :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is plaintiff's motion to remand[1] the above-captioned action to the Supreme Court of the State of New York, County of Queens, on the basis that defendants' Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1). For the reasons set forth below, defendants have not shown that plaintiff delayed providing statement of total damages sought in an attempt to prevent removal, and therefore plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff filed a verified complaint against defendants on July 21, 2014, alleging serious personal injuries and extensive property damage as a result of defendants' negligence in relation to a collision between plaintiff's car and defendants' tractor trailer. Plaintiff's complaint did not indicate the amount of damages she was seeking, the types of injuries she sustained, or the

---

[1] Plaintiff characterizes her submission as a motion to dismiss for lack of jurisdiction. As explained below, 28 U.S.C. § 1446(c) provides a procedural bar, not a jurisdictional bar, to removing actions to federal court. Defendants' removal is jurisdictionally proper under 28 U.S.C. § 1332, and therefore the Court deems plaintiff's submission a motion for remand. Plaintiff made the motion orally at the Initial Status Conference when the issue came up and the Court construed it then as a motion to remand.

damage to her vehicle. When defendants answered the complaint on August 27, 2014, they also served on plaintiff's counsel a number of discovery requests, notices, and demands. One such document was a "Notice Pursuant to § 3017(c) of the CPLR" demanding a "statement setting forth the total damages to which plaintiff deems herself entitled" within 14 days.

Defendants followed up with plaintiff's counsel on September 16, 2014, again demanding that plaintiff provide a statement of damages pursuant to CPLR § 3017(c). On January 16, 2015, plaintiff engaged a new law firm to represent her in the action, and the new law firm received the file from plaintiff's previous counsel on or around February 10, 2015.

Defendants moved on February 10, 2015 to dismiss the action in state court on the basis that plaintiff had failed to provide any discovery responses. The Supreme Court of Queens County ordered plaintiff to provide a verified bill of particulars by April 17, 2015.

On April 2, 2015, defendants wrote to plaintiff's new counsel, stating to "[k]indly please provide a response to our demand pursuant to CPLR [§] 3017(c)." The letter requested a response in 20 days to avoid motion practice. On April 20, 2015, defendants wrote for a third time (the second time to plaintiff's new counsel), again requesting the statement of total damages to avoid motion practice, and again requesting a response within 20 days to avoid motion practice.

On September 17, 2015, plaintiff represented at a compliance conference that she would provide a verified bill of particulars on or before October 9, 2015. Plaintiff ultimately provided a bill of particulars on December 23, 2015, which stated an amount in controversy in excess of $75,000, and defendants filed a Notice of Removal in this court on January 4, 2016.

**DISCUSSION**

The removing defendant bears the burden of establishing the federal court's removal jurisdiction. See Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F. Supp. 1232, 1236 (S.D.N.Y.1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868 (1941)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." Somlyo v. J. Lu–Rob Enters., Inc., 932 F.2d 1043, 1045–46 (2d Cir. 1991) (citing Shamrock).

When a case is not initially removable under either 28 U.S.C. § 1331 or § 1332, defendants must file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed on the basis of diversity jurisdiction "more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Id., § 1446(c)(1). The "bad faith" exception to the one-year limit on removal in diversity cases is a recent amendment to the statute, passed in 2011, by which Congress clarified that the one-year limit was procedural, not jurisdictional. See Ehrenreich v. Black, 994 F. Supp. 2d 284 (E.D.N.Y. 2014). Therefore, if the removing defendants prove they fall into the narrow exception under § 1446(c)(1), the district court may excuse the delay. See id.

Although defendants filed a Notice of Removal within 30 days of receiving plaintiff's bill of particulars in December 2015, it was filed nearly a year and a half after plaintiff had commenced her action in state court. Defendants were required by statute to remove the action

3

by July 21, 2015, one year after the commencement of the case in state court. For this case to have been properly removed, then, defendants must prove both that plaintiff (1) acted in bad faith by delaying to provide the bill of particulars, and (2) did so in order to prevent defendants from removing the action from state court within the one-year window.

Although the Second Circuit has not yet interpreted the scope of the amended § 1446(c)(1), courts have relied on the timing of a plaintiff's actions and the nature of the action itself to determine whether a plaintiff's actions were made in bad faith for the purpose of preventing removal to federal court. Where a plaintiff has taken action in close proximity to a defendant's time to remove and the actions do not appear to be justified, the court has inferred that such steps were taken in order to prevent defendant from removing. See Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003) (plaintiff's actions excused delay in removal where district court found that, "hours after" being informed of defendant's intention to remove the case to federal court, the plaintiff joined a non-diverse defendant, did not take discovery from that defendant, and refrained from filing dismissal of that defendant until after the one year period had expired); In re Rezulin Products Liab. Litig. (MDL No. 1348), No. 00 CIV. 2843 (LAK), 2003 WL 21355201 (S.D.N.Y. June 4, 2003) (dismissal of non-diverse party five days following the one year anniversary of the action's commencement suggested strategic behavior was at play). Conversely, even where delay in defendants' removal could be traced to plaintiff's actions, courts have declined to excuse an untimely removal where plaintiff's actions did not evince a specific desire to prevent removal. See Ehrenreich, 994 F. Supp. at 288–89 (no strategic action aimed to deprive defendants of the right to remove where plaintiff included non-diverse party in original complaint, never amended complaint, and actively prosecuted case against that

4

party); Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427 (S.D.N.Y. 2005) (no actions "specifically to defeat removal" even where complaint on its face fraudulently joined party).

Defendants have not met their burden of showing either bad faith or an intention to prevent removal, both of which are required. The evidence presented shows that defendants sought a bill of particulars multiple times after plaintiff commenced her case in state court, and even moved for dismissal on that basis. But from April to September 2015 – in the crucial time leading up to the expiry of the one-year window, and for months after – it appears that there was no communication between the parties, and certainly no motions by defendants to compel information necessary to properly remove the case to federal court.

Defendants argue that the circumstances here warrant excusal of their delay because plaintiff's counsel is "an experienced personal injury attorney" and that, "based upon other cases" involving plaintiff's counsel, defendants "believe that [plaintiff's counsel] knows the requirements of Federal diversity jurisdiction." Defendants' mere belief that plaintiff knew of the one-year limitation, even if true,[2] is not sufficient to find that this case falls into the narrow exception to the one-year statutory limit for diversity removal. The removal statute exists for the benefit of the defendant, and a failure to inform the defendant of the statute does not prove a plaintiff's bad faith. Plaintiff's counsel further states that he was unaware of defendants' CPLR § 3017(c) demand and the April 20, 2015 letter until after the action was removed, due to the firm's practice in responding to discovery requests. I have no reason to disbelieve plaintiff's counsel on the record presented. At most, plaintiff's failure to provide responses was an oversight –negligence, but not bad faith.

---

[2] At the initial status conference held on January 27, 2016, plaintiff's counsel represented that he had not been aware of the one-year window provided by § 1446(c)(1). In fact, defendants, too, represented they were unaware of the one-year statutory limitation on diversity removal.

5

Even if I were to find that plaintiff acted in bad faith by refusing to provide defendants with a statement of total damages sought, that finding alone does not satisfy the requirements for an exception to the time limitation for removal under § 1446(c)(1). The exception to the one-year limitations requires more than just bad faith; it requires bad faith *plus* the motive to prevent removal. Defendants point to no circumstances in the case or context surrounding plaintiff's behavior from which I could infer that plaintiff was acting with the intent to prevent removal to federal court. Defendants have failed to show that plaintiff acted specifically to prevent removal within the one year window. It took plaintiff until September 2015 to even represent to defendants that they would provide a bill of particulars in October. But by September, the one year window had already passed.

I will not determine that plaintiff's failure to provide a bill of particulars was intended to prevent removal where defendants did not take action for five months and did not move the court to compel that information before the statutory time had passed. The facts as presented do not support a finding that plaintiff has engaged in "the type of obviously strategic behavior" that would justify finding plaintiff acted in bad faith to prevent removal. Hill, 386 F. Supp. 2d at 433.

Although the language of § 1446(c)(1) is aimed at plaintiff's behavior insofar as whether a court may excuse a delay in removal, it remains defendants' responsibility to remove a case and to do so within one year from the commencement of the state court action. Defendants had the opportunity to take further action to ensure removal before one year had elapsed. The fact that defendants did not take advantage of other available avenues in order to meet the statutory

requirements for removal is not grounds for extending the removal period now. See Hill, 386 F. Supp. 2d at 433.[3]

## CONCLUSION

Defendants have presented no evidence that "plaintiff has engaged in strategic gamesmanship to prevent . . . removal from state court." Ehrenreich, 994 F. Supp. 2d at 288. The case was therefore untimely removed, and it is remanded to the Supreme Court of the State of New York, County of Queens.

**SO ORDERED.**

                                                                                     U.S.D.J.

Dated: Brooklyn, New York
       February 17, 2016

---

[3] Having determined that remand is appropriate on the grounds expounded above, I do not reach plaintiff's additional argument that defendants could have removed earlier, even without plaintiff's statement of total damages sought.